# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| ARTHUR C. HAMILTON, <br> Plaintiff, <br> v. <br> JP MORGAN CHASE BANK, N. A., et al., <br> Defendants. | Case No. 19-cv-03722-BLF <br><br> **ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT AND PERMISSION TO REOPEN CASE** <br><br> [RE: ECF 18] |

Before the Court is *pro se* Plaintiff, Arthur Hamilton's Motion for Relief from Judgment and Permission to Reopen Case. Motion, ECF 18. The Court construes Plaintiff's motion as being filed pursuant to Federal Rule of Civil Procedure 60(b)(6) and hereby DENIES Plaintiff's motion.

**I. BACKGROUND**

Plaintiff filed the instant action on June 26, 2019, accusing Defendants JP Morgan Chase Bank, N.A., Old Republic Default Management Services, and Shirley Franklin of fraudulently evicting Plaintiff from his home and taking possession of the property, all while making it look like "a simple trustee's sale." Compl. at 4, ECF 1. The complaint asserted four causes of action: (1) "Fraudulent Use of the Process"; (2) "Fraudulent Transfer, Fraudulent Conversion, and Violation of Antifraud Rule: 10b-5"; (3) "Fraudulent Alienation, Fraudulent Inducement"; and (4) "Intentional Infliction of Emotional Distress." *See id.* at 7–8.

On July 15, 2019, the Court, pursuant to 28 U.S.C. § 1915(e), dismissed Plaintiff's complaint with prejudice because Plaintiff's claims were barred by res judicata. ECF 16. Plaintiff had previously filed a separate action in this district involving the same parties, the same alleged facts, and the same causes of action—the only apparent difference being the signature date. *Compare generally* Compl. at ECF 1 with ECF 1 in *Hamilton v. JP Morgan Chase Bank, N.A., et al.*, Case

No. 5:18-cv-05164-BLF ("Hamilton I"). Plaintiff's earlier-filed complaint was dismissed with prejudice on January 14, 2019. ECF 20 in Hamilton I.

At the time the Court dismissed this case on July 15, 2019, none of the Defendants were served. One of the defendants, JP Morgan Chase Bank, N. A., was served over three weeks later, on August 9, 2019. *See* ECF 17. On September 19, 2019, Plaintiff filed the present motion to be relieved from judgment and for permission to reopen the case. Motion, ECF 18. The Court does not anticipate a response from any of the Defendants to Plaintiff's motion because two of the defendants were never served and JP Morgan Chase Bank, N. A. was only served *after* the case was dismissed with prejudice and therefore, was not required to answer.

## II. DISCUSSION

Under Federal Rule of Civil Procedure 60(b), a court may relieve a party from a final judgment for six reasons upon a showing of "(1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) 'extraordinary circumstance' which would justify relief." *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991); *see also* Fed. R. Civ. P. 60(b). Mere dissatisfaction with the Court's order, or belief that the Court is wrong in its decision, are not grounds for relief under Rule 60(b). *Beckway v. DeShong*, No. C07-5072 TEH, 2012 WL 1355744, at *2 (N.D. Cal. Apr. 18, 2012) (citing *Twentieth Century-Fox Film Corp. v. Dunnahoo*, 637 F. 2d 1338, 1341 (9th Cir. 1981)).

First, Plaintiff claims that "this case was prematurely closed due to [his] lack of understanding of proper rules and procedures." Motion at 1. The Court construes this argument as one for mistake, surprise, or excusable neglect under Rule 60(b)(1) and holds that Plaintiff is not entitled to relief under this theory. Plaintiff's complaint in this case was not dismissed due to a mistake, surprise, or excusable neglect on the part of Plaintiff—it was dismissed because it should have never been filed. "The doctrine of res judicata provides that 'a final judgment on the merits bars further claims by parties or their privies based on the same cause of action.'" *In re Schimmels*, 127 F.3d 875, 881 (9th Cir. 1997) (quoting *Montana v. United States*, 440 U.S. 147, 153–54 (1979)). Because Plaintiff had filed an identical complaint earlier, Plaintiff's claims in this case were barred by res judicata at the time they were filed and "proper understanding of rules and procedures" would

2

not have saved them from dismissal.

Second, Plaintiff claims that a magistrate judge "extended his own grasp on this case with setting an inaccurate frame of reference" and complains that those "references were not vacated upon reassignment." Motion at 1. The Court notes that this case was never assigned to a magistrate judge. The Court assumes that Plaintiff's reference to a magistrate judge relates to his earlier-filed (and also dismissed) case and thus is entirely irrelevant to this action. *See* ECF 7 in Hamilton I. In any event, Hamilton I was dismissed because Plaintiff repeatedly refused to comply with the undersigned judge's orders. ECF 20 in Hamilton I at 2.

Finally, Plaintiff makes conclusory assertions such as "this was never a frivolous case" and "delays and postponement have been defendant(s)' only defense against irreconcilable facts." Motion at 1. Such statements do not present any newly-discovered facts or evidence that would save Plaintiff's claims under Rule 60(b).

In sum, none of the Rule 60(b) reasons are present here. Plaintiff has not pointed to any extraordinary circumstances to justify relief. Plaintiff's complaint was never a valid one because his claims were always barred by res judicata.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Relief from Judgment and Permission to Reopen Case is DENIED.

**IT IS SO ORDERED.**

Dated: September 24, 2019

_____
BETH LABSON FREEMAN
United States District Judge

3